J-S20029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PHIL A. MANERI | : | |
| | : | |
| Appellant | : | No. 1536 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 10, 2020
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003493-2019

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                                    **FILED JULY 22, 2021**

Appellant, Phil A. Maneri, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following his jury trial conviction for driving under the influence of alcohol or a controlled substance ("DUI"), general impairment, third offense, and his bench trial conviction for various summary traffic offenses.[1] We affirm.

The trial court summarized the facts of this matter as follows:

> On September 1st, 2019, [Police Officer Jason Hall] observed [Appellant] make a wide right turn from St. John's Church Road onto East Main street in Shiremanstown, initially crossing into the opposite lane then straddling the center line for approximately 300 feet. As Officer Hall followed, he observed that [Appellant] was weaving "constantly" and driving significantly below the posted speed limit. When officer Hall attempted to initiate a stop by activating his flashing lights, [Appellant], apparently unaware of his

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3713(a), 4303(b), and 4703(a), respectively.

pursuer, continued driving for several hundred feet until Officer Hall deployed his siren, whereupon [Appellant] finally came to a rest.

As Officer Hall approached [Appellant's] vehicle, he smelled a strong odor of alcohol and observed that [Appellant's] eyes were glassy and bloodshot. During the course of the extended interaction that followed, [Appellant] had considerable difficulty producing his driver's license, repeated more than a dozen times that he lived nearby and should be allowed to drive home, swayed noticeably when standing, and, indeed, admitted that he had consumed an alcoholic beverage on his way home from work.

(Trial Court Opinion, filed 1/11/21, at 2-3) (internal citation to the record omitted). Appellant refused a blood draw, and was arrested.

Following trial on August 20, 2020, the jury convicted Appellant of DUI, general impairment. The trial court then proceeded to find Appellant guilty of careless driving, operating a vehicle upon a highway without properly functioning registration lamps, and operating a vehicle without an official certificate of inspection.

On November 10, 2020, the court sentenced Appellant to ten days to two years of imprisonment, as well as a $500 fine, for DUI. The trial court imposed additional fines for the summary offenses.

On December 9, 2020, Appellant timely filed a notice of appeal. The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied.

On appeal, Appellant raises the following issue for our review:

Was there sufficient evidence to establish, beyond a reasonable doubt, that Appellant had imbibed an amount of

alcohol such that he was rendered incapable of safe driving, wherein Appellant had not performed standardized field sobriety tests or blood testing, and where conviction relies upon the observations and opinion testimony of the arresting officer?

(Appellant's Brief at 6).

Appellant argues the Commonwealth failed to prove beyond a reasonable doubt that he was incapable of safely driving his vehicle due to alcohol impairment because the Commonwealth did not obtain a blood draw. In the absence of a blood draw to reveal Appellant's blood alcohol level, Appellant contends there was no way to tell Appellant had consumed any amount of alcohol in excess of the one drink he admitted to drinking, particularly where the police officer's testimony was inconsistent. Appellant also contends that there was no proof establishing that he was incapable of safe driving. Appellant concludes there was insufficient evidence to sustain his DUI conviction, and this Court must grant him relief. We disagree.

Our standard and scope of review in this case are as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every

element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Motor Vehicle Code defines the offense of DUI—general impairment as follows:

**§ 3802.  Driving under influence of alcohol or controlled substance**

(a)  General impairment.—

(1)  An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).  "Subsection (a)(1) is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." *Commonwealth v. Loeper*, 541 Pa. 393, 402-03, 663 A.2d 669, 673-74 (1995).  Further:

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly

bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary....

\* \* \*

Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

**Commonwealth v. Segida**, 604 Pa. 103, 115-16, 985 A.2d 871, 879 (2009).

Instantly, the trial court noted that the indicia of intoxication included the following: Appellant made a wide turn; crossed into the opposite lane and straddled the center line for 300 feet; weaved "constantly;" did not notice the police officer's lights for several hundred feet; smelled strongly of alcohol; had glassy and bloodshot eyes; had coordination problems and repeated himself often; swayed while standing still; and admitted that he had consumed an alcoholic beverage. (**See** Trial Court Opinion, filed 1/11/21, at 2-3).

The trial court further reasoned:

These signs of intoxication, including the dangerously wide turn that provided the initial motive for Officer Hall's investigation, are plainly sufficient to establish beyond a reasonable doubt that [Appellant] was impaired to a degree that rendered him unable to safely operate his vehicle. They were equally compelling in the court's findings of guilt regarding the summary offenses.

(Trial Court Opinion, filed 2/5/21, at 7-8). We agree with the court's analysis.

Here, the trial testimony established the indicia of intoxication necessary

- 5 -

for the fact-finder to conclude that Appellant was unable to drive safely.[2] *See*

*Segida, supra*; 75 Pa.C.S.A. § 3802(a)(1). Viewing this evidence in the light

most favorable to the Commonwealth as the verdict winner, sufficient

evidence supported Appellant's DUI conviction. *See Jones, supra*.

Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/22/2021

_____

[2] To the extent Appellant attempts to argue that Officer Hall's testimony was inconsistent and thus incredible, we reject this claim. In Officer Hall's incident report, the officer indicated that Appellant represented that he had only consumed one drink. However, Officer Hall testified that Appellant informed him that he had consumed "a couple drinks." (*See* N.T., 8/20/20, at 34). This is a challenge to the weight of the evidence rather than the sufficiency. *See Commonwealth v. Wilson*, 825 A.2d 710, 713–14 (Pa.Super. 2003) (explaining that review of sufficiency of evidence does not include assessment of credibility of testimony; such claim goes to weight of evidence). Nevertheless, Appellant did not preserve a challenge to the weight of the evidence before the trial court, so any weight claim is waived on appeal. *See* Pa.R.Crim.P. 607(A) (explaining that weight of evidence claim must be preserved before trial court). Moreover, Appellant cross-examined Officer Hall regarding the differences between the incident report and his trial testimony. (*See* N.T., 8/20/20, at 44). The jury credited Officer Hall's testimony, regardless of this minor inconsistency, and we see no reason to disturb the jury's verdict even if Appellant had preserved this claim.